13-4346

Eric Andre Fields
Registration Number: 55715-056
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000


May 22, 2013


Clerk of Court



To Whom It May Concern:

Please be advised that I am indigient and cannot make copies of the
attached document to be filed in Court.  Please send me a copy back, showing
it was filed.  Thank you in advance for taking out this time in your busy
schedule to look into this matter of due diligence.


Respectfully,


Eric Andre Fields
Eric Andre Fields
Reg. No. 55715-056
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000

U.S. COURT OF APPEALS
FOURTH CIRCUIT
2013 MAY 29  AM 10: 04
RECEIVED

DESIGNATION OF RECORD
ON
APPEAL OF DETENTION
ORDER
U.S. V. FIELDS

District No.:  7:11-CR-00125-F-4
Appeal No.:  13-4346

Record No.                          Document

(R27)                               Detention Order
                                    Temporary by Mag. Judge Robert B. Jones

(R46)                               Final Detention Order
                                    From Mag. Judge Robert B. Jones

## CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the foregoing was sent on May

_22_ , 2013 by first class pre paid stamps in a U.S. Postal mailbox at FCI

Morgantown, P.O. Box 1000, Morgantown, West Virginia 26507-1000 to:

Eric Andre Fields
Eric Andre Fields
Pro Se Defendant

original

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

NO. 13-4346
(7:11-CR-1025-F-4)

UNITED STATES OF AMERICA,          )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
ERIC A. FIELDS,                    )
                                   )
        Defendant.                 )

EMERGENCY MOTION TO EXPEDITE
BOND PENDING REVIEW PURSUANT
TO 28 U.S.C §3145(c), RULE 9,
AND OR APPEAL OF DENIAL OF MOTION

**NOW COMES** the Movant, Eric Andre Fields, who moves this Honorable Court

to grant this Motion of due diligence whereas if Defendant is to wait on

the release order or decision granting relief of reversal, vacate sentence,

he would have done all or if not majority of his sentence to which is part

of issue and objections he has raised and challenged to the Government violation

of his 5th and 14th Amendment.  Whereas Defendant has a Constitutional liberty

interest, as well as the problem, in Defendant being treated fairly under

due process and equal protection of the law.  Pursuant to Criminal Procedure

Chapter 207, release and detention pending review or appeal, 28 U.S.C. 3145(c)

or appeal of a detention order.  Under 28 U.S.C. §3731, the appeal shall

be determined promptly.  Due to new information that was unknown or was

not available at the time of the pre-trial bond/detention hearing.  FRAP

9(a) governs release of the Defendant.  The Defendant moves for immediate

bond release on his own recognizance to his mother, Geraldine Fields residence

at 371 Evergreen Church Rd., Delco, North Carolina.   See Memorandum of Law

attached.

Respectfully Submitted,

*Eric Andre Fields*
Eric Andre Fields
Pro Se Defendant

Eric Andre Fields
Register Number:  55715-056
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000

## STATEMENT OF JURISDICTION

This Honorable Court has jurisdiction to heat this matter pursuant to 28 U.S.C. §1291 as there had been a final adjudication by the U.S. District Court on October 12, 2011 (R46 Order). A Notice of Appeal has been filed on the Appeal of ORder of Detention. The Court of Appeals, other than U.S. Court of Appeals for the Federal Circuit shall have jurisdiction of appeals from final decision of the District Courts of the U.S. except where a denial review may be had in the Supreme Court. The jurisdiction of the Federal Appeals Circuit shall be limited to the jurisdiction described in 28 U.S.C. §§ 1292(c), 1292(d), and 1295, as well as 18 U.S.C. §3742.

## GOVERNING LAW

Appeals from release or detention orders, whether pretrial or post-conviction are determined in accordance with Fed. Rule Appellate Procedure 9. U.S. v. Pendomo, 765 F. 32d 942 (CA9 Cal 1985).

## SCOPE AND STANDARD OF REVIEW

Scope of Appellate review of initial detention order or detention order in response to Motions to revoke or amend is limited, and order must be sustained if supported by proceeding below. U.S. v. Fortna, 769 F. 2d 243 (CA5 Tex 1985).

When convicted Defendant files motion for release, in Court of Appeals, following denial of similar motion in District Court, Court of Appeals will apply same standard as if would apply in appeal from bail determination by District Court. U.S. v. Strong, 775 F. 2d 504 (CA3 Pa 1985). Criminal Procedure Chapter 207 Release and Detention Pending Judicial Procedureal Section 3145 Review and Appeal of a Release or Detention:

C. Appeal from release or detention order.

This Title 18 U.S.C. §3731, the appeal shall be determined promptly. A

person subject to detention pursuant to 18 U.S.C. §§ 3143(a)(2) or 3143(b)(2), and who meet the conditions of release set forth in 18 U.S.C. §§ 3143(a)(1) or 3143(b)(1), or may be ordered released under appropriate conditions, by the judicial officer, if it is clearly shown that these are exceptional reason why a person's detention would not be appropriate.

## SUMMARY OF ARGUMENT

### I.

Defendant is likely to succeed on his motions and for relief, and can show he is not a flight risk or danger to the community, he is entitled to release pending decision on his Motion filed in District Court.

### STANDARD OF REVIEW

The appeal or review of denial of bail or bond is reviewed for abuse of discretion. U.S. v. Chilingirian, 280 F. 3d 704, 709 (6th Cir. 2002).

### EXHAUST AVAILABLE REMEDIES

Detainee had to first exhaust available remedies, which includes remedies under 18 U.S.C. §3145; additionally, appeal from detention order, or from decision denying revocation, or amendment of such order, was governed by provision of such order, was governed by provision of 28 U.S.C. §1291. Gon v. Gonzales, 534 F. Supp. 2d 118 (2008, DC Dist Co 1) which discusses appellate jurisdiction over final decision of District Court. 18 U.S.C. §3145(c).

### ABUSE OF DISCRETION IN DISTRICT COURT

### FAILURE TO CONSIDER DEFENDANT RELEASE UNDER

### PROVISION OF 18 U.S.C. §3145(c)

The Trial Court abused their discretion in failing to consider Defendant release under 18 U.S.C. § 3145(c). Section 3145, as indicated by the Title, Review and Appeal of a release or detention order, addresses the review or modification of orders that detains or grants release of a Defendant.

Subsection (c) provides that any appeal from such an order shall be determined promptly. See U.S. v. Grady, 20 Fed. Appx. 473 (6th Cir. 2001).

In U.S. v. Christmas, 596 F. 3d 870 (6th Cir. 2010), the Court held: "although we have never held in published decision the District court has authority to release a Defendant being detained- pursuant to §3143(a)(2) upon a showing of "exceptional reasons, under §3145(c) the Court of Appeals has reached that conclusion in an unpublished decision. U.S. v. Cook, 412 F. Appx. 803, 804 (6th Cir. Aug.13, 2002), "We hold that the Court erred in not considering whether Christmas established exceptional reasons to support his release pending sentence." See also, U.S. v. Goforth, 546 F. 3d 712, 715 (4th Cir. 2008).

### PROOF OF NO FLIGHT RISK OR DANGER TO COMMUNITY

Security designation data, this information is used to determine the inmate's security level. (1) Judge, (2) Recommended facility, (3) Recommended program, (4) U.S.M. Office, (5) Voluntary Surrender- this item allows for the subtraction of three points from the security point total, item 15. When the judgment indicates the inmate was allowed to voluntarily surrender. For purposes of this item, voluntary surrender means the inmate was not escorted by a law enforcement officer to either the U.S. Marshals or place of confinement.- 3 points.

Item 10, History of escape or attempts -0, escape history includes the individual's entire background of escapes or attempts to escape from confinement, or absconding from community supervision, excluding the current term of confinement, there must be a finding of guilt. Code A PSF Note- no public safety factors apply. Security point total- 0-11 inmate security level thin. Defendant Fields is housed at FCI Morgantown, 446 Greenbag Road where there is no fence and the main traffic into the facility is surrounded

-3-

by a business district. The area also contains houses and apartment buildings next to the Morgantown Camp Facility. See Exhibits A & B, male custody classification form for Eric A. Fields: public safety: none, MGTV: none, detainer: none, Escapes: none, Violence: none, Freq. Disc. Rpt: none, Type Discip Rpt: none, Family/Community: Good. See Exhibits A & B.

Find that convicted defendant is not likely to flee and does not pose danger to either himself or community if released pending review born out by research in Internet.

"To establish entitlement to release pending appeal, defendant must show (1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and (2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal and order for new trial, or a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." United States v. Katsria, 147 Fed. Appx. 561, 565 (6th Cir. 2005).

### A.   APPEAL NOT FOR DELAY

The Defendant first submits that this review/appeal of his conviction and sentence is not imposed for the purpose of delay, but is rather a serious and sincere challenge to the jury's verdict. As will be argued below, Fields has several issues which will likely result in reversal; therefore, the Government cannot argue that the pressing of the direct appeal in this case, or review is merely a delay tactic.

Defendant would note that he is not a danger to the community, nor is he likely to flee. Despite incarceration in a camp for inmates with

no fence and next to the apartment complex across the street, this Defendant had many opportunities to escape or cause danger to the community and has not done so, is proof of clear convincing evidence for ___7___ months.

### B.  SUBSTANTIAL QUESTION

Defendant submits that the claims he will raise in his motion and memorandum of law are substantial questions for review and/or appeal.  A Defendant proves a substantial question "when the appeal or review presents a close question or one that could go either way.." U.S. v. Sabino, 97 Fed. Appx. 626 (6th Cir. 2004).

### EXCEPTIONAL REASONS EXIST

This is not to say that every case where sufficiency of evidence is challenged would amount to "exceptional reasons" under 18 U.S.C. §3145(c). Rather, each case must be analyzed individually.  This Court thinks that the greater likelihood of reversal on appeal, the greater the chance an "exceptional reason" exists under §3145(c).  If the question of sufficiency of evidence is a close one, then there would be no "exceptional reason" under 18 U.S.C. §3145(c).

1.  Federal Government suppression of exculpatory evidence violated Due Process of Defendant requiring reversal of conviction.  U.S. v. Bagley, 473 U.S. 667, 682 (1985); Giglio v. U.S., 405 U.S. 150, 154 (1972).

2.  The Government now by offered false testimony by informant who was induced to commit perjury, and who testified at trial to get less time. When the Government knowingly offered false testimony "A conviction obtained by use of perjured testimony must be set aside if there is any reasonable likelihood that the false testimony could have affected the jury verdict. Bagley, 473 U.S. at 679 n.9. See Exhib, 7 C

3.  Brady violation which was material to the defense that the Government

-5-

chief witness materially signed statement that he knew Defendant and he was
not involved in any drug transactions, he was just in the wrong place at the
wrong time, was withheld from Defense and just in trial. Where this evi-
dence at issue was favorable to the accused/Defendant, because it was excul-
patory and because it was impeaching. The evidence was allegedly destroyed
by washing of trial Counsel's clothes, this was done either willfully or in-
advertantly, and there is clear prejudice to Defendant as a result of the in-
ability to produce the evidence. See Stricklet v. Greene, 527 U.S. 263, 119
S. Ct. 1956, 144 L.Ed. 2d 286 (1999). The question is not whether Defendant
would more likely than not have received a different verdict with evidence,
but whether in its absence he received a fair trial. U.S. v. Agurs, 427 U.S.
97, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976).

4. Were there cumulative effects of suppressed evidence, defendant argues
yes. See Kyles v. Whitley, 514 U.S. 419, 115 S. Ct. 1555, 131 L. Ed. 2d
490 (1995); kasi v. Angelone, 300 F. 3d 487 (4th Cir. 2002).

5. Discovery Rule 26(b) violations which a procedural due process violation
in section 10.01, discovery in federal criminal system. The prosecution's
advantage is enhanced because, if the prosecution fails to produce discoverable
material, the burden is on the Defendant to show prejudice. U.S. v. Perez,
960 F. 2d 1569 (11th Cir. 1992), cert. den. 507 U.S. 975 (1993); U.S. v.
Hasting, 126 F. 3d 310 (4th Cir. 1997). Defendant can meet this burden
for no one knows the outcome of trial by jury would have ended if Defendant
had the Government suppressed evidence or when they failed to talk to a
witness who was cellmates to their chief witness who stated their chief
witness told him he never knew of the guy he was just in the wrong place
at the wrong time. And he was going to lie to get lesser sentence for committing
perjury for Government. See affidavit attached for Gregory M. Wright, Register

-6-

Number: 55867-056. And this action by the Government prejudiced the Defendant's chances for a for trial by jury. *Exhibit C*

6.  The Defendant has objected to the alleged errors 1-5 in trial, and they are so substantial as to fall within the scope of Rule 52(b). That violated procedural due process of the 5th and 14th Amendment.

7.  Newly discovered witness that would have given statement that Government's chief witness lied to the Court to get time reduction and that the Defendant did no criminal act. See Exhibit C, attached hereto.

### NEW INFORMATION OR EVIDENCE

New Appellant information to reverse the detention order are (1) new information exist that was unknown to the Movant at the time of the hearing and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure Defendant's appearance if his motion fails to get him relief requested in trial court, and the safety of any other person in the community. 18 U.S.C. 314 . In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial or self surrender to prison official if his motions failed to get him his relief of immediate reversal, set aside conviction, immediate release and would show that the Defendant is less likely to pose a danger to the community. *Exh. C, + A + B.*

The first two prongs of §3143 has been met by Defendant. And that trial court failed to address the basis for this original detention. Section 3143, Rule 9(a) stated that "the judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-(2) the weight of the evidence against the person" is relevant to whether probable cause has been established. By its term, it deals with the factors

-7-

to be considered in determining whether there are conditions which will
assure the appearance of the accused or convicted and safety of the community.

To establish entitlement to release pending decision on motions, Defendant
must show (1) by clear and convincing evidence, that he is not likely to
flee or pose a danger to the safety of another person or the community and
(2) that the motions for relief are not for delay and raises a substantial
question or law or fact likely to result in reversal or sentence that does
not include a term of imprisonment less than the total of the time already
served, plus if necessary and no relief is granted by trial court the expect
duration of the appeal process. U.S. v. Katsma, 147 Fed. Appx. 561, 565
(6th Cir. 2005). See Exhibit A + B.

To meet its §3143(b)(A) the Defendant must produce only "some relevant
evidence." The Bail reform Act of 1984 (3d est. 2006)(quoting U.S. v. Jessup,
757 F. 2d 378, 381 (1st Cir. 1985).

The BOP found no history of failure to appear at trial, past flight
to avoid prosecution or flight in his past record of incarceration for previous
convictions. See Exhibits A & B. Nor absconding from community supervision
pursuant to Program Statement P5100.08, dated 9/12/2006, subject: Inmate
Security, Designation and Custody Classification: Security Designation Procedure
for new Commitments, Chapter 4. Security Designation data. This information
is used to determine the inmate's security level. supra, pp.3.

To rebut the presumption, Defendant need not produce evidence regarding
the finding of probable cause that he committed the underlying offense,
nor finding in a general danger to the community. U.S. v. Dominguez,  783
F. 2d at 706. Instead the Defendant must produce evidence showing "what
is true in general is not true in the particular case." U.S. v. Jessup,
757 F. 2d at 384.

-8-

The Sixth Circuit case precedent, U.S. v. Daniel, 2008 Dist. LEXIS 8522 (Feb. 6, 2008) in opinion stated: "Though we have concluded that the district judge's finding of underlying historical facts and the consequent factual determination of risk of flight..we are entitled to apply a broader standard of review in determining the extent to which the facts regarding risk of flight as found by the district court, have significance on constitutional issue of whether continued detention violations due process limitations. In that inquiry, what is, significant is the absence of flight.  There is no finding and no evidence that either appellant has ever fled from lawful authority or failed to honor court orders."

In the instant case, there is no evidence that Defendant Fields has ever fled from lawful authority or failed to honor court orders.

CONTROLLING LAW AND CASES

Section 3145- Review and appeal of a release or detention order, case annotations, III Appeal.

13.  Scope and Standard of Review

14. Release

District Court's finding that Defendants, indicted on cocaine trafficking charges, were dangerous under 18 U.S.C. § 3142(e), and resulting pretrial detention order, were improper where District Judge failed to review Magistrate's detention order under 18 U.S.C. §3145(b), although the Government had not waived motion for pretrial detention, and where District Court's finding of dangerous was based solely on application of presumption in 18 U.S.C. §3142(e), despite fact that such presumption was preliminarily rebutted by Defendants, as that conclusive application of dangerous presumption was improper.  U.S. v. Dominquez (783 F. 2d 702 (1986 CA7 Ind.)(criticized in U.S. v. Havens, 487 F. Supp. 2d 335 (2007 WD NY)).

-9-

Where Defendant maintains direct and substantive challenge to factual underpining of element of violence on which his sole conviction stands or falls, in absence of risk of flight or danger to community it is within court's discretion to find exception reason under 18 U.S.C. §3145(c).  U.S. v. Disomma, 951 F. 2d 494 (1991 CA2 NY).

### CONTROLLING CASES

Where drug defendant did contend that the evidence did not go to commission of drug offense subjecting defendant to mandatory detention.  This was exceptional reason within meaning of 18 U.S.C. 3145(c).  U.S. v. Herrera-Soto, 961 F. 2d 645 (1992 CA7 ILL)(criticized in U.S. v. Carretero, 1999 U.S. DIST LEXIS 17623 (1990 ND NY)).

Convicted cocaine distributor is released on bond pending appeal where lifetime resident of area showed that he has family ties there, good employment history and potential, and is not danger because convict who was mere driver of vehicle that delivered drugs has strong argument that evidence used to convict him was insufficient.  U.S. v. Hole, 827 F. Supp. 1354 (1993 WD TENN)(criticized in U.S. v. Carretero, 1999 U.S. DIST LEXIS 17622 (1991 ND NY)).

18 U.S.C. § 3145(c) may be applied by district court and appellate court.  U.S. v. Miller, 568 F. Supp. 2d 764 (2008 ED KY).

18 U.S.C. §3145(c) provides that an appeal from a release or detention order shall be governed by 18 U.S.C. §1291 and 18 U.S.C. §3731 and shall be determined promptly.

In Puerlas v. Mich. Dept. of Correction, 88 F. Supp 2d 775 (6th Cir. 2000), the Michigan Supreme Court did not give any explanation for its decision. The entire decision of the majority is as follows:  "we vacate the Order of the Court of Appeal and Deny the Defendant's Motion for bond pending

-10-

appeal. The Defendant does not satisfy the criteria for release on an appeal bond. MCR 7.209. They denied bond without analyzing the factors in People v. Giacalone, 16 Mich. App. 352, 107 N.W. 2d 871 (1969), this Court vacated a no reasoned decision without explanation for doing so. Deny bond pending appeal without a statement of reason that are arbitrary or constitutionally unreasonable and thereby does not satisfy Federal Due Process requirements. The Supreme Court did not offer any reason for thinking that Defendant did not satisfy the criteria for release. Denial of bond violates the 14th Amendment's fundamental and important liberty interest protected by Due Process Clause of the 14th Amendment. That may not be taken away arbitrarily. Atkins at 550.

In Love v. Ficano, 19 F. Supp. 2d 754 (ED MICH 1998), the Michigan Supreme Court denied petitioner's appeal of the Court of Appeals decision to vacate his release on bond, stating that it was "not persuaded that the questions presented should be reviewed by this Court."

Judge Tarnow stated, "This protected liberty interest was created by the Trial Court's decision that petitioner's conviction was a miscarriage of justice and that he was entitled to release on bond pursuant to the factors set forth in M.C.L. §770.9a(1). Id. at 760.

The Sixth Circuit in Atkins, 644 F. 2d at 550, that denial of bail pending trial without a statement of reason is arbitrary per se. Arbitrary such as is left to the discretion of a Judge and not defined by statute.

The Defendant has been a life long resident of the community, providing jobs in the residential and commercial construction in his state. Further is a member of his church who he has given ties to and donated to as well as many charities in the community at large. There are more exceptional reasons that Defendant is not a flight risk or threat to the community.

-11-

There is no record of him ever fleeing or harming a person. There must be a conviction and sentence record to prove that he has.

The Defendant would be staying with his mother, Geraldine Fields at 371 Evergreen Church Rd., Delco, NC 28436. And running his construction business providing needed jobs in the community until the pendency of the motion to be filed or if necessary and appeal of denial of his motion 59(e). The Defendant will have done all if not most of his sentence if bail is provided on his own regonizance.

### CONCLUSION

Eric Andre Fields does pray that this Honorable Court grant him immediate bond pending motion or appeal of denial of motion from Trial Court.

Respectfully Submitted,

*Eric Andre Fields*
Eric Andre Fields
Pro Se Defendant
Register Number: 55715-056
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000

## DECLARATION

I, Eric Andre Fields, do swear that I filed a Motion to Expedite Petition

for Motion for Rule 59(e) and Rule 60 on _09/13/2012_ date

with objection to decision of Trial Court denying my request to the Court

for Bond Pending detention appeal or review. That Court denied I

filed objection to their decision on _09/13/2012_ and did mail

a Petition with Motion to Expedite under Rule 50 and Motion for a Rule 59(e)

and Rule 60 with memorandum of law, bond pending detention appeal or review

and Exhibit of prima facie evidence. And was timely filed pursuant to Court

Rule 59(e) 28 days from Morgantown, WV Federal Prison inmate mailing system.

Under penalty of perjury.

Pursuant to 28 U.S.C. §1746 which set forth date of deposit and state first

class postage has been prepaid would satisfy the declaration requirement

of Rule 902(11) as would any comparable certificate under oath.

It is considered retroactive upon giving it to prison official and timely

filed to the Court.

_Eric Andre Fields_
Eric Andre Fields

Exhibit A

## INMATE SKILLS DEVELOPMENT PLAN — Current Program Review: 11-01-2012

Name:
Register Number: FIELDS, ERIC ANDRE
55715-056
Security/Custody: MINIMUM/OUT
Projected Release: /

Institution:
MORGANTOWN FCI
P.O. BOX 1000
MORGANTOWN, WV
26507
(304) 296-4416
Fax: 700-285-9000

Next Review Date:
Next Custody Review Date:
Age/DOB/Sex: 41 / 12-14-1970 / M
CIM Status: N

Driver's License/State: 182741YA9
FBI Number:
DCDC Number:
INS Number:
PDID Number:
Other IDs:

Release Residence:
Geraldine Fields, Wife
3771 EVERGREEN CHURCH RD
DELLO, NC 28498
(910) 655-2533

Release Employer:
Contact:
Telephone:

To Be Secured
[Address]
[POC]
[Phone]

Telephone:

Primary Emergency Contact:
[POC]
[Address]
[Phone]

Secondary Emergency
Contact:
Telephone:

[POC]
[Address]

Telephone:

Mentor Information:

Sentence/Supervision:      /

| Sentence Began | Time Served/Mkt Credit/Inoperative Time | Days GCT/EGT/SGT | Days FSGT/WSGT/DGCT | Parole Status |
|---|---|---|---|---|
| Months / Days / Days | // | // | // | |

Detainers:
Pending Charges:

| Financial Responsibility | Imposed | Balance | FRP Balance | Case No./Court of Jurisdiction | Assign/Schedule Payment |
|---|---|---|---|---|---|
| | | | | | FINANC RESP-PARTICIPATES |

Financial Plan
Active:
Financial Plan Date: [Date]

Comm Dep-6 mos: [$]
Commissary
Balance: [$]

USPO
Relocation:

[POC]
[District]
[Street Address/State]
[City], [State] [Zip]
[Phone] / [Fax]

Payments
Commensurate: [Y,N]
Missed: [Y,N]

Cost of Incarceration:
Fee:

Special Conditions of
Supervision:

Judicial Recommendations: //

USPO
Sentencing:

[POC]
[District]
[Street Address/State]
[City], [State] [Zip]
[Phone] / [Fax]

Subject to 18 U.S.C. 4042(B) Notification: N

DNA Required:
Treaty Transfer Case:

Y - [Date]
[Y,N]

---

## INMATE SKILLS DEVELOPMENT PLAN — PROGRAM REVIEW: 11-01-2012

Name: FIELDS, ERIC ANDRE
Reg No: 55715-056

Profile Comments:

### EDUCATION DATA

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| MRG | GED UNK | GED STATUS UNKNOWN | 10-04-2012 | CURRENT |
| MRG | VET AFFAIR | VETERANS AFFAIRS GROUP | 10-17-2012 | CURRENT |

### WORK DATA

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| MRG | UNASSG | UNASSG | 10-26-2012 | CURRENT |

### DISCIPLINE DATA

| | History |
|---|---|

### MOVEMENT DATA

| Facility | Assignment | Description | History | Start Date | Stop Date |
|---|---|---|---|---|---|
| MRG | A-DES | DESIGNATED, AT ASSIGNED FACIL | | 10-16-2012 | CURRENT |

### CASE MANAGEMENT ASSIGNMENTS

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|

### MEDICAL DUTY STATUS ASSIGNMENTS

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| MRG | YES F/S | CLEARED FOR FOOD SERVICE | 10-25-2012 | CURRENT |
| MRG | REG DUTY | NO MEDICAL RESTR–REGULAR DUTY | 10-25-2012 | CURRENT |

Exhibit B

```
  MRGBK   606.00 *       MALE CUSTODY CLASSIFICATION FORM        *        05-02-2013
PAGE 001 OF 001                                                          19:11:25
                           (A) IDENTIFYING DATA
   REG NO..: 55715-056          FORM DATE: 05-02-2013            ORG: MRG
   NAME....: FIELDS, ERIC ANDRE
                                   MGTV: NONE
   PUB SFTY: NONE                  MVED:
                           (B) BASE SCORING
   DETAINER: (0) NONE              SEVERITY.......: (3) MODERATE
   MOS REL.: 42                    CRIM HIST SCORE: (00) 1 POINT
   ESCAPES.: (0) NONE              VIOLENCE.......: (0) NONE
   VOL SURR: (0) N/A               AGE CATEGORY...: (2) 36 THROUGH 54
   EDUC LEV: (0) VERFD HS DEGREE/GED  DRUG/ALC ABUSE.: (1) <5 YEARS
                           (C) CUSTODY SCORING
   TIME SERVED.....: (3) 0-25%     PROG PARTICIPAT: (1) AVERAGE
   LIVING SKILLS...: (1) AVERAGE   TYPE DISCIP RPT: (5) NONE
   FREQ DISCIP RPT.: (3) NONE      FAMILY/COMMUN..: (4) GOOD


                      --- LEVEL AND CUSTODY SUMMARY ---
   BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
   +6   +17    -1        +5        MINIMUM      N/A            OUT     DECREASE


   G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

EXhibit C

## AFFIDAVIT

The Government knew that their chief witness stated lies. Talks between Ballard and others were overheard by Gregory Wright (Register Number: 55867-056) that happened between March 13, 2012 to July 12, 2012. Ballard had a sentence of over 5 years which was reduced to under 4 years as a result of a statement against Fields. That a list of people that he was going to use for five k was stated, he would tell on a lot of people to get a sentence reduction. AFFIANT FURTHER SAYETH NOT.

_____
Gregory Wright

ERIC ANDRE FIELDS
FCI MORGANTOWN FEDERAL INSTITUTION CORRECTIONAL
P.O. BOX 1000
MORGANTOWN, W.V. 26507



⇔55715-056⇔
Circuit Court Of Appeals
Clerk of the Court
1100 E MAIN ST
u.s. Court House Annex
Richmond, VA 23219-3538
United States